**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-30036 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 3:16-cr-00086-SLG-1<br>3:16-cr-00086-SLG |
| JOHN PEARL SMITH II, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Argued and Submitted February 13, 2025
Seattle, Washington

Before: GOULD and NGUYEN, Circuit Judges, and BENNETT,[**] District Judge.

John Pearl Smith II appeals the district court's denial of his motion to

dismiss the superseding indictment. The District of Alaska failed to implement the

geographic proration formula required under its 2015 Jury Plan. Smith argues that

this failure deprived him of his right to a grand jury that represented a fair cross-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

section of the community because it led to a jury venire with fewer African American and American Indian/Native Alaskan jurors, and more white jurors. We have jurisdiction under 28 U.S.C. § 1291 and "review independently and non-deferentially a challenge to the composition of grand and petit juries." *United States v. Sanchez-Lopez*, 879 F.2d 541, 546 (9th Cir. 1989). We affirm.

1. Smith fails to make a prima facie showing that his right to a grand jury that represented a fair cross-section of the community was violated. To establish a prima facie showing under the Sixth Amendment and the Jury Selection and Service Act, Smith must show:

> (1) [T]hat the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364 (1979); *see also United States v. Miller*, 771 F.2d 1219, 1227-28 (9th Cir. 1985).

Only the second and third *Duren* factors are in dispute. The second *Duren* factor "requires proof, typically statistical data, that the jury pool does not adequately represent the distinctive group in relation to the number of such persons in the community." *United States v. Esquivel,* 88 F.3d 722, 726 (9th Cir. 1996). A "challenging party must establish not only *statistical* significance, but also *legal* significance." *United States v. Hernandez-Estrada*, 749 F.3d 1154, 1165 (9th Cir.

2

2014).  Legal significance requires "examin[ing] . . . the likely, actual, and real life impact of the jury pool at issue," which "look[s] to people not percentages."  *Id.* (cleaned up).  "[U]nderrepresentation does not have legal significance" if it "does not substantially affect the representation of the group in the actual jury pool."  *Id.*

Even assuming that Smith's statistical calculations are accurate and statistically significant, Smith fails to demonstrate legal significance.  While the District of Alaska used an incorrect proration formula, which it has acknowledged and indicated it will correct, Smith fails to demonstrate how the representation of African Americans and Native Americans/Alaska Natives was substantially affected.  For example, under the correct proration formula, the number of white jurors could actually increase while the number of American Indians/Alaska Natives could decrease as it would have led to greater representation from the Anchorage division, which has the smallest percentage of Native Americans/Alaskan Natives and a similar percentage of white residents as the other divisions.  Contrary to Smith's contention, the record indicates that the correct proration formula would have only a marginal effect on the demographic composition of the grand jury, so any impact would not be legally significant.  *See United States v. Kleifgen*, 557 F.2d 1293, 1297 (9th Cir. 1977).  As such, Smith

fails to meet his burden under the second *Duren* factor.[1]

**AFFIRMED.**

---

[1] We need not address Smith's arguments regarding the third *Duren* factor because a prima facie case requires a showing that all factors are met. *Duren*, 439 U.S. at 364.

4